# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE SANTIAGO, :
:
      Petitioner, :
:
    v. : No.: 4:17-CV-892
:
BUREAU OF PRISONS, ET AL., : (Judge Brann)
:
      Respondents. :

## MEMORANDUM OPINION

### JUNE 13, 2017

## I.    BACKGROUND

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Jose Santiago, an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania (FCI-Allenwood). Named as Respondents are the Federal Bureau of Prisons and FCI-Allenwood Warden Spaulding. The required filing fee has been paid. Service of the petition has not been ordered.

Petitioner was convicted of racketeering as well as conspiracy to distribute narcotics and commit extortion following a 2002 jury trial in the United States District Court for the Southern District of New York. *See United States v. Santiago*, 126 Fed. Appx. 21 (2d Cir. 2005). He was thereafter sentenced on

December 3, 2002, as a career offender, to a 70 year term of imprisonment.[1]

Following an appeal, his case was remanded by the United States Court of Appeals

for the Second Circuit for further proceedings consistent with *United States v.*

*Booker*, 543 U.S. 220 (2005). *See id.* Santiago's request for resentencing was

denied by the district court on June 7, 2011.

Petitioner next filed a petition for relief pursuant to 28 U.S.C. § 2255 with

the sentencing court on June 7, 2012. *See Santiago v. United States*, No. 12-4522,

2012 WL 12857962 (S.D.N.Y. Sept. 10, 2012). His petition is described as

asserting a claim of ineffective assistance of counsel with respect to both plea

negotiations and the denial of his request for resentencing. *See id.* at *1. The §

2255 petition was denied on September 10, 2012. The denial was thereafter

affirmed. *See Santiago v. United States*, 563 Fed. Appx. 30 (2d Cir. 2014). A

petition for writ of certiorari was denied by the Supreme Court of the United

States. *See Santiago v. United States*, __ U.S.__, 135 S. Ct. 975 (2015)

Santiago acknowledges that on August 1, 2016 he filed a motion seeking

permission to file a successive § 2255 action based upon the Supreme Court's

decision in *Johnson v. United States*, 576 U.S.___ , 135 S. Ct. 2551 (2015) which

---

[1]    Santiago explains that prior New York state drug convictions for were used as predicate
offenses to designate him as being a career offender. *See* Doc. 1, p. 7.

was granted by the Second Circuit.[2]

In his pending action, Santiago claims that he is entitled to federal habeas corpus relief because he was the subject of "a mis-applied [sic] career offender sentence enhancement." Doc. 1, ¶ 4. Specifically, Petitioner contends that prior New York state drug convictions which were used as predicate offenses in designating him as a career offender are no longer considered controlled substance offenses under the standards announced in *Descamps v. United States*, 133 S.Ct. 2276 (2013)[3] and *Mathis v. United States*, ___ U.S. ___, 136 S. Ct 2243 (2016). *See id.* at ¶ 13. Petitioner concludes that he is factually innocent of being a career offender under *Begay v. United States*, 553 U.S. 137 (2008).[4] As relief, Santiago asks to be "discharged from the erroneous career offender penalty." Doc. 1, ¶ 15.

## II.    DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United

---

[2]    In *Johnson*, the United States Supreme Court held that the residual clause of the ACCA was unconstitutionally vague. *See United States v. Terry*, No. 14-cv-1006, 2015 WL 4255527 (W. D. Pa. July 14, 2015).

[3] Offenses for a violent felony or a serious drug offense may used as predicate offenses for a Armed Career Criminal Act (ACCA) sentence enhancement. See 18 U.S.C. § 924(e)(1). Descamps concerned the question of whether the use of a burglary conviction as a violent felony offense was appropriate.

[4] Unlike the present case, *Begay* regarded a driving under the influence conviction which was used as a sentence enhancement. *See Brown v. United States*, 384 Fed. Appx. 53,54 (3d Cir. 2010).

States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v.*

*Pennsylvania Board of Probation and Parole*, No. 3:CV-07-472, 2007 WL 846559

*2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable

to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton,* 491 F. Supp. 156,

158-59 (M.D. Pa. 1979)(Nealon, J.).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief in the district court,

the judge must dismiss the petition and direct the clerk to notify the petitioner." A

petition may be dismissed without review of an answer "when the petition is

frivolous, or obviously lacking in merit, or where. . . the necessary facts can be

determined from the petition itself. . . ." *Gorko v. Holt*, No. 4:CV-05-596, 2005

WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*,

424 F.2d 134, 141 (6th Cir. 1970).

A habeas corpus petition under § 2241 "allows a federal prisoner to

challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*,

432 F.3d 235, 241 (3d Cir. 2005). Federal habeas corpus review may be employed

by a prisoner to challenge either the fact or duration of his confinement in prison.

*Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Telford v. Hepting*, 980 F.2d 745, 748

(3d Cir. 1993). However, relief is available only "where the deprivation of rights

is such that it necessarily impacts the fact or length of detention." *Leamer v.*

*Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

Federal prisoners challenging the validity of their sentence, and not the execution of a sentence, are generally limited to seeking relief by way of a motion pursuant to § 2255.  *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence") .  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed.  *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended

§ 2255." *Id.* at 539. *See also, Alexander v. Williamson*, 324 Fed Appx. 149, 151 (3d Cir. Apr. 16, 2009).

Petitioner's instant claim is not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law. Rather, Santiago's action only challenges his sentence enhancement for being a career offender. As recognized by the Honorable Kim R. Gibson in *Pollard v. Yost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

As previously discussed, Santiago is challenging the validity of his career offender sentence enhancement which was imposed by the Southern District of New York. Since Petitioner's argument concerns the validity of his sentence, he must follow the requirements of § 2255. Santiago indicates that his pending argument was not previously raised because of futility. This Court agrees that *Mathis* was not decided until 2016, after final disposition of Petitioner's direct

appeal and § 2255 action and, thus, could not have been asserted during those proceedings.

As noted earlier, Petitioner's pending argument is not based upon a contention that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on collateral review.  Santiago has also not shown that he was unable to present his claim in a successive § 2255 proceeding or that it is based upon any newly discovered evidence.  More importantly, challenges to career offender status are not properly raised under § 2241.  *See Thomas v. Warden, Fort Dix*, No. 17-2502, 2017 WL 2225574 *2 (D.N.J. May 19, 2017)

It has also been recognized by courts within this circuit that *Descamps* does not apply retroactively to cases on collateral review.  *See  United States v. Nobles*, No. 07-29, 2015 WL 1208050 * 1  (E.D. Pa. March 17, 2015); *United States v. Wolf*, Civil No. 1:CV-04-347, 2014 WL 3339601 *2  (M.D. Pa. 2014)(Caldwell, J.).  Likewise, the United States Supreme Court has not found that *Mathis* applies retroactively to cases on collateral review.  *See United States v. Villella*, No. 16-544, 2017 WL 1519548 *6 (W.D. Pa. April 27, 2017).

Clearly, Santiago's pending claim does not fall within the narrow *Dorsainvil* exception to the general rule that § 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. *See Levan v. Sneizek*, 325 Fed. Appx. 55, 57  (3d Cir. April 2009)*; Jordan v.*

*United States*, Civil No. 3:CV-14-2048, 2014 WL 7212859 *1-2 (M.D. Pa. Dec. 17, 2014) (Munley, J) (since *Descamps* cannot be retroactively applied, the *Dorsainvil* exception does not apply); *Wyatt v. Warden Fort Dix*, No. 17-1335, 2017 WL 1367239 *2 (D.N.J. April 10, 2017)(*Mathis* based sentencing enhancement claim not properly asserted under § 2241).

Since there is no basis for a determination that § 2255 is  inadequate or ineffective to test the legality of Petitioner's career offender sentencing enhancement, his § 2241 petition will be dismissed for lack of jurisdiction.  This dismissal has no effect on Petitioner's right to seek permission to pursue a successive § 2255 action.

An appropriate Order follows.

BY THE COURT:

*s/  Matthew W. Brann*
Matthew W. Brann
United States District Judge